JAMES MCCARTHY, APPELLEE, v. VILLAGE OF RAVENNA, APPELLANT.

FILED APRIL 15, 1916. No. 18565.

1. Master and Servant: INJURY TO SERVANT: GROSS NEGLIGENCE. The violation of the statute requiring the employer to guard shafting is gross negligence. Rev. St. 1913, sec. 3597.

2. Negligence: COMPARATIVE NEGLIGENCE: DIRECTION OF VERDICT. "Where the facts in evidence tend to show both negligence and contributory negligence, the duty to make the comparison required by the statute rests with the jury, unless the evidence as to negligence is legally insufficient, or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of plaintiff. Ordinarily, wherever there is room for difference of opinion upon these questions, they must be submitted to the jury." *Disher v. Chicago, R. I. & P. R. Co.*, 93 Neb. 224. Rev. St. 1913, sec. 7892.

3. **Appeal: Instructions: Harmless Error.** A judgment will not be reversed on appeal for the giving of an instruction not prejudicial to appellant.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. D. Oldham* and *R. M. Thompson,* for appellant.

*Wilmer B. Comstock* and *N. P. McDonald, contra.*

ROSE, J.

Plaintiff brought this action against the village of Ravenna, his employer, to recover damages in the sum of $20,000 for personal injuries. While on a ladder, white-washing a wall in the pumping station of the village waterworks, he was caught in the coupling of a revolving overhead shafting, whirled around it, stripped of clothing, thrown on a cement floor below, and permanently injured. Defendant is charged with negligence for failure to guard the shafting and to countersink or cover the set-screws or bolts in the coupling. In his petition plaintiff invoked the statute containing the following provisions:

"It shall be the duty of any person, company or corporation operating any factory, mill, workshop, mercantile or mechanical establishment, or other institution where machinery is used, to provide or construct such guards and protection as will protect all employees against injury from belting, shafting. * * * Every protruding set-screw in collars and couplings of shaftings or other revolving machinery shall be countersunk or covered with metal boxings." Rev. St. 1913, sec. 3597.

"For an injury to a person occasioned by any violation of this act, by the failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damage sustained thereby." Rev. St. 1913, sec. 3599.

Defendant denied negligence, and pleaded in detail the following defense as stated in the answer: "The injury the plaintiff received was occasioned solely by his own gross

negligence, while violating the positive orders given him by defendant's water commissioner, and by exposing himself to known dangers of which he had been fully warned." A trial of the issues resulted in a verdict in favor of plaintiff for $10,000. The recovery, however, was reduced by remittitur to $6,000. From a judgment for the latter sum, defendant has appealed.

It is first argued by defendant that the evidence is insufficient to sustain the judgment. There is proof tending to show the following facts: Plaintiff was employed by defendant to work in the pumping station, where a shafting 46 feet long, 18 inches from a wall, was suspended 10 feet above the floor. The water commissioner authorized plaintiff to do some whitewashing. Near the shafting his work could not be done properly from the floor with a long-handled brush. He was urged to hurry, though the machinery was in operation. To apply the whitewash by hand with the brush itself, a method approved by the water commissioner, it was necessary for plaintiff to ascend a ladder and to reach over the shafting. While performing his duty in the manner indicated, a revolving coupling caught his clothing, wound it on the shafting, whirling him around with it, denuded him, and threw him on the floor. The shaft itself was unprotected and unguarded. The set-screws or bolts in the coupling had not been countersunk or covered, but protruded three-fourths of an inch beyond the surface of the coupling. The position of plaintiff while applying the whitewash from the ladder was similar to that frequently assumed by him in oiling the shafting pursuant to directions of the water commissioner. That plaintiff was seriously injured is not now questioned. His employment by defendant is established. The jury obviously accepted as true plaintiff's account of his injury. While he is contradicted in several particulars, the evidence, in view of the statute cited, is sufficient to sustain a verdict in his favor.

The principal assignments of error challenge the instructions on the subject of negligence. Attention is thus directed to the proofs in support of the defense that plaintiff's injuries resulted from disobedience of orders. The water commissioner testified, in substance, that he had directed plaintiff to keep away from the machinery when in motion, to use a long-handled brush and to remain on the floor while applying whitewash. Referring to this feature of the defense, the trial court gave an instruction concluding as follows:

"If you further believe from the evidence that plaintiff in violation of said orders and warnings took a ladder and a short-handled brush and ascended on the ladder to a place in dangerous proximity to the shafting and gearing of defendant's machinery, while the same was in operation, and while so doing exposed himself to known dangers and in consequence was injured, and if you further believe from the evidence that such acts and conduct on the part of plaintiff made him guilty of more than slight negligence as compared to the negligence, if any, of the defendant, then plaintiff cannot recover, and your verdict must be for defendant."

It is argued that the jury should have been instructed to render a verdict in favor of defendant, if plaintiff was injured as a result of disobeying orders. The common law rule that the negligence of plaintiff, if contributing to the injury for which he seeks damages, defeats a recovery, has been changed by statute. The law now is:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attribu-

table to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." Rev. St. 1913, sec. 7892.

Construing a similar statute, it was recently held:

"Where the facts in evidence tend to show both negligence and contributory negligence, the duty to make the comparison rests with the jury, unless more than slight contributory negligence of the plaintiff, in comparison with that of defendant, is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of the plaintiff. Ordinarily, wherever there is room for a difference of opinion upon these questions, they must be submitted to the jury." *Disher v. Chicago, R. I. & P. R. Co.,* 93 Neb. 224.

If plaintiff testified truthfully, the case made by him may be summarized thus: He was injured through the failure of defendant to comply with the statute requiring it to guard the shafting and to countersink or cover the set-screws or bolts in the coupling. A compliance with the statute would have prevented the injury. When injured, plaintiff, in performing the duties of his employment pursuant to the directions of his employer, was at work near the unprotected machinery. He did not disobey orders. His testimony, if believed, would justify the jury in finding that the injury of which he complains was caused by defendant's failure to comply with the statute. Such a violation of the statute is gross negligence. Could the jury properly find that plaintiff was not guilty of more than slight negligence in comparison? The answer depends on their view of the evidence. Plaintiff testified that he had repeatedly ascended the ladder to oil the revolving shaft; that the water commissioner had directed him to do so; and that his position on the ladder, while using the whitewash brush at the time of the injury, was practically the same as that often occupied by him, while oiling the shafting pursuant to the orders of the water commissioner. If the jury believed this testimony, they could consistently and reason-

McCarthy v. Village of Ravenna.

ably find that plaintiff, comparatively, was guilty of only slight negligence, though they also believed that earlier in the employment of plaintiff he had been warned to use a long-handled brush and to keep away from the machinery while in motion. If plaintiff testified truthfully, he was not negligent in ascending the ladder to oil the shafting while in motion. If he afterward went to the same place under similar circumstances to apply whitewash, was he guilty of more than slight negligence in comparison with the gross negligence of defendant in violating the statute requiring guards which would have prevented the injury? Under the evidence, when considered with the statute on the subject of comparative negligence, defendant was not entitled to a more favorable instruction than the one given. In this respect there is no prejudicial error in the charge of the trial court.

Complaint is also made because the trial court used the word "negligence," instead of the statutory term "gross negligence," in permitting the jury to make their comparison. Other parts of the charge contained the literal language of the statute. It seems clear that the jury, when the instructions are all considered, were not misled to the prejudice of defendant by the omission of the word "gross." Prejudicial error in other respects has not been found.

The judgment is assailed as excessive, but a substantial reason for reducing it has not been given.

AFFIRMED.

FAWCETT, J., dissents on the merits.

SEDGWICK J., dissenting.

The majority opinion quotes the instruction given by the trial court submitting the question whether the negligence of plaintiff was slight. The instruction tells the jury that if plaintiff violated the orders and warnings of his employer, and in doing so "exposed himself to known dangers," and that the "consequences" of disobeying orders and warnings when he knew the danger of so doing was the

very injury he complains of, they might find that such conduct was slight negligence. · It seems to me that such conduct as is stated in this instruction amounts to recklessly and wilfully injuring himself. By this instruction the jury were permitted to find for the plaintiff, although satisfied from the conflicting evidence that the plaintiff had knowingly caused his own injury. For this peculiar holding, *Disher v. Chicago, R. I. & P. R. Co.*, 93 Neb. 224, is cited and quoted from, a case which arose before the statute we are now construing was enacted, and did not involve the questions here presented.

The majority opinion is to my mind a very incomplete and unsatisfactory discussion of the important questions presented in this case under the new statute which we are now called upon to construe.

HAMER, J., dissenting.

As I understand it, section 3597 contemplates the construction of guards to "protect all employees against injury from belting, shafting, gearing, elevators, drums, saws," etc. Section 3599 provides: "The fact that any employee, servant or other person shall continue to work during the time such owner has failed to comply with the provisions of this article shall not be considered as an assumption of the risk of such employment by such employee, servant or other person." The purpose of the provision concerning the construction of guards for the shafting is the protection of employees. There seems to be a dispute as to whether the plaintiff was employed, and concerning the capacity in which he was employed if there was in fact any employment. It is uncontroverted that the shafting, which it is claimed ought to have been protected by a guard, was about 9 or 10 feet above the floor of the building in which the injury occurred. If the plaintiff was acting within the line of his employment, if he had actually been employed, then it is important whether the shafting had been protected by the guard. If the plaintiff had not been employed to do the whitewashing, which he undertook to do, and which

it appears was a voluntary act upon his part, and he went up in close proximity to the shafting and so was caught by a revolving shaft and injured, the defendant is not liable because it never agreed to the conditions and purpose of the employment. If plaintiff was employed to guard the machinery and in doing so should go up in the neighborhood of the shafting, about 10 feet above the floor, for the purpose of oiling the machinery, there might be a liability if he was injured, but in this case, as I understand it, he was voluntarily attempting to whitewash the inside of the structure, and he went up to the machinery which was not accessible from the floor, and while about 10 feet from the floor he sustained the injury complained of.

There appears to be evidence tending to show that the plaintiff was guilty of disobedience of orders, and that he violated the instructions given him, and that he exposed himself to dangers that were not required in his employment. If that is true, he should not be allowed to recover. There does not appear to have been given such instructions as the case demands covering the employment of the plaintiff and the liability of the defendant. He was told to keep away from the shafting, but, nevertheless, he went up there to engage in whitewashing the building, which was no part of his duty. If he was outside of his employment in what he did and violated the instructions which had been given him, he was guilty of gross negligence, and should not be allowed to recover anything. If the common law has been modified by the statute, nevertheless it is not intended to take away from the owner the control of his property and the direction of the servant or employee. It would be an alarming condition which would turn the property of the owner and its control over to the employee or to one who assumes to act as an employee. A reasonable construction should be given to these acts for the safety of servants and employees, and a radical view not contemplated by the law-making power should not be interpolated into these acts by the decisions of the courts.

The instruction given does not seem to be warranted by the facts, and it was a license to the jury to find for the plaintiff, whatever they may have thought the facts were.