LUTHER B. FRYE, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED JUNE 23, 1921.   No. 21504.

1. Negligence: PETITION: SUFFICIENCY. In an action for personal injuries, sustained by reason of the alleged negligence of the defendant, when the facts pleaded are such that reasonable minds could come to no conclusion other than that plaintiff is guilty of more than slight negligence in comparison with the negligence of defendant, and a demurrer to the petition is sustained, error cannot be predicated thereon.

2. ———: USE OF SIMPLE APPLIANCE. A leather strap, with a buckle attached, is a simple appliance. Plaintiff, who was a man of mature years, and who knew how to skate, will be presumed to have known the ordinary and usual results of the use of such appliance in the adjustment of roller skates to his feet for use in a skating rink.

3. Pleading: CONSTRUCTION. When pleadings are joined they will be liberally construed. But when a pleading is tested by demurrer, before issue joined, it is construed most strongly against the pleader.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*John O. Yeiser* and *John O. Yeiser, Jr.,* for appellant.

*John L. Webster, contra.*

Heard before LETTON, DAY, DEAN and ROSE, JJ.

DEAN, J.

Plaintiff sued to recover damages for personal injuries alleged to have been sustained from a fall while he was skating on roller skates furnished by defendant at a roller skating rink that it maintained at Lake Manawa. Defendant filed a general denial. Subsequently it obtained leave to withdraw its answer and to demur *oré tenus.* The demurrer was sustained; the suit was dismissed, and plaintiff appealed.

Plaintiff alleges generally that defendant, "for the purpose of stimulating traffic over the street railway lines," and for gain, maintains a pleasure resort at Manawa; that it invited the public to the attractions there maintained by it, and that he, on July 25, 1919, "under the usual guaranties and oblig..tions of hospitality and good treatment of servants and safe appliance and equipment, * * * accepted the said public invitation of defendant," and entered defendant's roller skating rink at Manawa, "and paid twenty-five (0.25) cents for the use of the rink and a pair of roller skates which defendant adjusted loosely, and plaintiff returned from the skating floor to complain of looseness. Whereupon defendant corporation, through its agents and servants in charge, used two straps over the toes, but that said straps negligently used by defendant were not suitable and proper toe straps, but were long straps made for some other purpose, and defendant knew or should have known of their unfitness and dangerous length, but nevertheless negligently adjusted and tucked in said long straps without informing plaintiff, who did not know of said improper appliances, the ends of which were hidden and latent in

defect, but relied upon defendant; that plaintiff, relying upon the appliances and services of defendant, resumed skating and after from five to fifteen minutes skating said strap came loose from said long surplus end of useless leather, and said end bent back under the roller of one of the skates, suddenly stopping the skate and throwing plaintiff to the floor." It is then alleged generally that, as a result of the fall, plaintiff suffered an injury to his right arm that he says is permanent. He avers that he is 38, and that he was in good health before the accident.

It plainly appears from the petition that plaintiff discovered, when first he went upon the skating floor, that the skates were loosely adjusted and "he returned from the skating floor to complain of looseness." So that his attention was forcibly drawn to a situation that demanded a remedy, and straps were used for this purpose. There is nothing intricate about the mechanism of a leather strap and buckle. A more simple appliance could hardly be imagined. A person with even a low degree of intelligence knows the use to which straps and buckles are put. It follows that plaintiff should have used the care of a reasonably prudent person to see to it that the straps were properly applied and adjusted before he resumed skating. He did not do so; hence, the accident. Plaintiff was not a child but a mature man of 38 years. Whether he was a novice or an expert skater does not appear. But he could skate. He complains of adjustment. A man of his years, even though, a skater of only ordinary skill, should himself have known, in the exercise of reasonable regard for his own safety, whether the straps were properly adjusted, and, if they were not, he should have made complaint at the time, or he should have made the proper adjustment himself. Plaintiff pleaded that the straps used by defendant "were not suitable and proper toe straps" and that they "were long straps made for some other purpose." He is, of course, chargeable with knowledge of the facts that he has pleaded.

In a practical way one person is as capable as another

of judging of the character of straps and buckles with respect to safety in practical use. So that where, as in the present case, a person not only voluntarily, but by his own request, submits to the adjustment of roller skates to his feet by an appliance so simple as a strap and buckle, all as complained of herein, is guilty of as much, if not more, negligence than the person who furnished the appliance and made the adjustment. *Vanderpool v. Partridge,* 79 Neb. 165; *Donehoe v. Crane,* 141 Ga. 224; *Sutton v. Des Moines Bakery Co.,* 135 Ia. 390.

Under section 7892, Rev. St. 1913, we held that, where the facts show, beyond reasonable dispute, that plaintiff is guilty of more than slight negligence in comparison with the negligence of defendant, the case should be taken from the jury. *Disher v. Chicago, R. I. & P. R. Co.,* 93 Neb. 224; *McCarthy v. Village of Ravenna,* 99 Neb. 674; *Sodomka v. Cudahy Packing Co.,* 101 Neb. 446.

From the facts pleaded reasonable minds could come to no conclusion other than that plaintiff was guilty of more than slight negligence in comparison with that of defendant.

In a case involving the simple appliance rule, even as it applies to a child who was an infant suitor of tender years, it has been said: "Simple tools and appliances * * * embody no perils that are not obvious even to the mind of a young child, and consequently no recovery will be allowed as a rule for injuries sustained therefrom." 20 R. C. L. 93, sec. 82. In *Koschman v. Ash,* 98 Minn. 312, the rule is discussed and numerous authorities are cited.

Respecting the demurrer: The rule is that, after issues are joined, the pleadings will be liberally construed. But when a pleading is tested by demurrer, before issue joined, it is construed most strongly against the pleader. *McIntyre v. Hauser,* 131 Cal. 11; *Lampman v. Bruning,* 120 Ia.

167. The court did not err in the premises. It follows that the judgment must be affirmed.

AFFIRMED.

MORRISSEY, C.J., not sitting.
ROSE, J., dissents.