VIVIAN McBAIN, a Minor, by Her Natural Guardian ad Litem, Edward McBain, Her Father, Appellant, v. FRANK E. LANG, et al., Owners and Operators of a Ferris Wheel, Defendants, A. E. McDONALD, Respondent.

(218 N. W. 641.)

**Negligence — evidence held insufficient to show one defendant was responsible for injury.**

1. In an action for personal injuries resulting from alleged defect in, and improper operation of, a Ferris wheel, it is *held:*

That .there is no evidence showing or reasonably tending to show that

Note.—(1) As to duty and liability of owner or keeper of place of amusement respecting injury to patrons, see annotation in 22 A.L.R. 610; 29 A.L.R. 29; 38 A.L.R. 357; 44 A.L.R. 203; 26 R. C. L. 713; 4 R. C. L. Supp. 1677; 5 R. C. L. Supp. 1420; 6 R. C. L. Supp. 1565.

(2) On personal liability of servant to third person for injuries caused by the performance or nonperformance of his duties to his employer, see annotation in 20 A.L.R. 97; 26 A.L.R. 23; 18 R. C. L. 818; 4 R. C. L. Supp. 1210.

the defendant, A. E. McDonald, was the owner or lessee of the Ferris wheel in question, or that he operated or had any control over the same or the persons in charge thereof.

**Master and servant — servant is accountable for his own negligence in performing legal duty owed by him to third party.**

2. A servant is not liable to a third person for the negligence of his master or coservant as regards an instrumentality not operated or controlled by him; such servant can be held accountable only for his own negligence in the performance of a legal duty which he owes to such third person.

Opinion filed February 25, 1928.   Rehearing denied April 9, 1928.

Master and Servant, 39 C. J. 1512 p. 1312 n. 52.   Negligence, 29 Cyc. p. 624 n. 16, 17.

From a judgment of the District Court of Cass County, *Englert, J.,* plaintiff appeals.

Affirmed.

*Melvin A. Hildreth,* for appellant.

"The lessor of a structure rented for public use, which is either structurally defective or which does not afford what, in the judgment of reasonable men, would be a proper and adequate protection to persons using it, is guilty of negligence and responsible for an injury resulting to anyone by reason of its faulty construction." Barrett v. Lake Ontario Beach Improv. Co. 174 N. Y. 310.

"In an action for injury to a passenger, caused by an alleged defect in an aeroplane swing, where there was a conflict of evidence as to a possible defect in construction and as to negligence in that regard, it presented a jury question as to the application of the rule of res ipsa loquitur, whether the apparatus must be such that, in the ordinary instance, no injurious operation is to be expected unless from a careless construction, inspection, and user." Firszt v. Capitol Park Realty Co. 120 Atl. 300.

As to whether the machinery of the defendant was properly constructed and kept in proper repair is a question of fact for the jury to decide. Barrett v. Lake Ontario Beach Improv. Co. 174 N. Y. 310; Griffin v. DeForest, 166 N. Y. 188.

The question of negligence and contributory negligence under the law

of this state is for the jury.   Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

The degree of care is the same that a railroad company owes to a passenger.   Mastad v. Swedish Brethren, 85 N. W. 913; Higgins v. Franklin County Agri. Soc. (Me.) 3 L.R.A.(N.S.) 1132.

The defendants owed a common duty to plaintiff that was to have and manage a safe machine.   Cooley, Torts 3d ed. 246.

"An ownership in such cases is 'not the test of responsibility, that, if enough appears to show that the party sought to be made liable had the property in his charge or under his control, on which side the nuisance complained of existed, it is sufficient."   Hollis v. Kansas City (Mo.) 14 L.R.A.(N.S.) 284, 103 S. W. 32.

"Where the negligence of several produces a personal injury, the sufferer may sue but one or all together."   Creed v. Hartman, 29 N. Y. 591.

"An act wrongfully done by the joint agency or co-operation of several persons will render them jointly or severally liable."   Cuddy v. Horn (Mich.) 10 N. W. 32.

"The general principle that when an injury is the result of the concurring negligence of two or more persons, all are liable jointly or severally for the whole damage, is supported by abundant authorities."   Pacific Teleg. & Teleph. Co. v. Parmenter, 170 Fed. 140.

*C. E. Leslie,* for respondent.

"An employee, not having the amusement in charge is not liable." 22 A.L.R. 607.

CHRISTIANSON, J.   The plaintiff, Vivian McBain, received certain injuries while riding in a Ferris Wheel at Casselton, North Dakota, on June 7, 1926.   The wheel was one of the attractions operated by a street carnival company known as the Northern Exposition Company then showing there.   This action was instituted to recover damages for the alleged injuries sustained by Vivian McBain.

In plaintiff's complaint it is alleged that the defendants, Frank E. Lang and A. E. McDonald, "were on or about the 7th day of June, A. D. 1926, the owners and operators of what is commonly known as a Ferris wheel.   .   .   .   That said machinery is a dangerous instrumentality and that it was at all times the duty of the said defendants to keep

said machinery so used in a sound and safe condition." The complaint further alleges that on June 7th, 1926, Vivian McBain was a passenger in such Ferris wheel and that "the said defendants did on the said 7th day of June, A. D. 1926, carelessly and negligently and without due care to the hazards of their business, use and operate the said Ferris wheel in such a manner by reason of its faulty conditions and defective material and incompetence of its assistants and servants while being operated by said defendants, carelessly and negligently throw said plaintiff out of said box or seat in which she was riding while said wheel was in motion, precipitating her to the ground; " and that as a result Vivian McBain sustained certain injuries. The defendants' answer denied the allegations of the complaint, except that the defendant Lang had the Ferris wheel under his control at the time mentioned and that Vivian McBain rode upon the same at the time and place mentioned in the complaint.

The case was tried to a jury upon the issues thus framed and resulted in a verdict in favor of the plaintiff and against both defendants for the sum of $2,500. The defendants moved for judgment notwithstanding the verdict or for a new trial. The trial court denied both motions as to the defendant Lang, but ordered judgment notwithstanding the verdict in favor of the defendant McDonald. The plaintiff has appealed from the judgment so entered.

The only question presented on this appeal is whether the trial court was correct in ordering judgment notwithstanding the verdict in favor of the defendant McDonald. The reasons for the trial court's ruling were stated in a memorandum decision filed with the order for judgment notwithstanding the verdict. The trial court said:

"This case comes now before the court on motions for either judgment notwithstanding the verdict, or for a new trial.

"It is the claim of the defendant, A. E. McDonald, that there is no evidence in the case connecting him with either the ownership of the Ferris wheel, or any interest therein, or control thereof, or that he in any way operated the same.

"The court has carefully read the testimony touching the connection of the defendant, A. E. McDonald, with the Northern Exposition Company, and the amusement show operated by it, at Casselton, North Dakota, at the time the injury happened to the plaintiff. From the evi-

dence, the court is unable to see where the defendant, A. E. McDonald, is connected with the said amusement concern, or the operation of the Ferris wheel, which caused injury to the plaintiff, either as owner, part owner, lessee, or part lessee, operator, controller or manager, wholly, or partially, thereof.

"From the evidence, but one conclusion can be drawn, no matter what the actual fact may be, and that is, that McDonald was a salaried employee of said amusement concern. The evidence also quite conclusively shows that he did not operate the wheel as such employee, on the day of the accident, and no negligence being shown on his part as such employee, he cannot be held liable by reason thereof.

"No good would be accomplished by a recitation of the testimony bearing upon McDonald's connection with the Northern Exposition amusement concern. To get a clear understanding of the evidence, requires a reading of the entire record.

"There is not very much authority to be gotten directly in point, except for the general principle, known to us all, that if there is no substantial evidence connecting the defendant, McDonald, in some way, with responsibility for the injury of the plaintiff, then he is not liable, and it is the duty of the court to so rule.

"The case of Frye v. Omaha & C. B. Street R. Co. 106 Neb. 333, 22 A.L.R. 607, 183 N. W. 567, is accompanied by an extensive note on the 'Duty and liability of owner or keeper of place of amusement, respecting injuries to patrons.' The note sets forth the cases in which the parties have been held liable, either as owners, lessors or lessees, operators, managers, concessionists, or controllers, and there is not a single case to be found there, showing that an employee, not having the amusement in charge, is liable.

"On the evidence in this case, the court will allow judgment notwithstanding the verdict in favor of the defendant, A. E. McDonald."

A careful consideration of all the evidence leads us to the conclusion that the decision of the trial court is correct.

According to the testimony of the plaintiff and her witnesses the accident occurred as a result of the improper operation of the wheel or a defect in a certain bar placed in front of the passengers in the seat occupied by the plaintiff and her escort, or both such improper operation and defect. The testimony on the part of the plaintiff is that while she and

her escort were riding on the Ferris wheel it stopped to take on certain other passengers, and that when it again started one of the men operating the wheel held or pushed the seat in which the plaintiff and her escort were seated with the result that the seat tipped forward and the plaintiff and her escort fell against the wooden bar in front of them, and the bar broke and they both fell to the ground. There is also testimony on the part of the plaintiff to the effect that after the accident the defendant McDonald examined the bar and stated that he found there was an old break therein. This, however, is denied by witnesses for the defendant.

The Ferris wheel in question was operated as a part of a street carnival conducted by a concern known as the Northern Exposition Company. This concern was neither a corporation nor a partnership. It consisted of a number of attractions owned by different persons, and was being operated under the direction and management of the defendant Lang under an agreement between Lang and the different owners whereby Lang received 40 per cent of the earnings of the various attractions. Out of the moneys so received Lang was required to pay certain expenses incident to the operation of the show such as arranging for places of exhibition, billing the show, transportation, etc. McDonald was the advance agent whose duty it was to arrange the booking and billing of the show and matters incident thereto. He was employed and paid by Lang and received $60 per week as his compensation.

The undisputed evidence shows that the Ferris wheel belonged to one Hoffman, who was not personally with the show. There is no evidence showing or tending to show that McDonald was the owner or lessee of the Ferris wheel or any other attraction in the carnival; or that he had any control or supervision over the Ferris wheel or any other attraction or over the persons operating the same. The uncontradicted evidence is that McDonald was not the owner or lessee of the Ferris wheel; that he had no duty to inspect, the Ferris wheel and exercised no supervision or control over the same or over the person or persons operating it; that he was merely a salaried employee of Lang, employed to act as advance agent for the carnival. Aside from this all that the evidence shows, when construed in the light most favorable to the plaintiff, is that McDonald had an office tent on the grounds where the carnival was conducted, and that he was in such tent at the time such accident occurred;

that McDonald sold some tickets of admission; that the tickets for the ` Ferris wheel on which the plaintiff and her escort were riding at the . time of the accident were purchased from a lady; that after the accident McDonald examined the broken bar and stated there was an old break in it; that after the accident, McDonald had a conversation with the plaintiff wherein he agreed to compensate her for the injury to her stockings and that he then gave her complimentary tickets or passes to the various attractions for herself and party; that McDonald looked up and interviewed a number of the witnesses who appeared and testified for the defendants.

As we view it, the evidence when construed as a whole fails to establish the allegations of the complaint that McDonald was the owner and operator of the Ferris wheel; and it falls far short of showing that he had any interest therein either as lessee or otherwise or that he had any supervision or control over it for the persons in charge of it. In short, there is no evidence in this case to justify a recovery against the defendant McDonald on the theory that he was the owner or lessee of the Ferris wheel; nor is there any evidence to justify a recovery against him on the theory that he injured another through the negligent use, or nonuse, of an instrumentality placed under his control. The liability of an employee in such case is predicated upon his own negligence. That is, upon his failure to perform a legal duty which he owed to the third person; and the servant is not liable for the negligence of his master or his coservants as regards instrumentalities with which he has no concern, and which he does not operate or control, and has not attempted to operate or control. In order to render a servant liable for damages it must be shown that he has been guilty of actionable negligence, resulting in injury to another. The basis of an employee's liability to a third person injured by his negligence, is not the contract of the employee with his employer, but the obligation imposed upon the employee by law, requiring him to so use that which he controls as not to injure another. Baird v. Shipman, 132 Ill. 16, 7 L.R.A. 128, 22 Am. St. Rep. 504, 23 N. E. 384. No action lies against the servant unless he is a wrongdoer. 39 C. J. 1311, 1312. Ellis v. Southern R. Co. 72 S. C. 465, 2 L.R.A.(N.S.) 378, 52 S. E. 228, 19 Am. Neg. Rep. 541; Pester v. Holmes, 109 Neb. 603, 191 N. W. 709. See also 20 R. C. L. p. 11.

As we view the evidence in this case, the plaintiff not only failed to

establish a cause of action against the defendant McDonald as owner or lessee of the Ferris wheel, or as an employee having the same under his charge or control; but it further shows that in all human probability the plaintiff cannot establish a cause of action against McDonald, upon another trial. In a word, the defect in plaintiff's case is not one which might be obviated by an amendment to the complaint or additional proof, but goes to the very existence of a cause of action at all. This being so, defendant, McDonald, is entitled to judgment as a matter of law, and the trial court was justified in ordering judgment notwithstanding the verdict. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

Judgment affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and BURR, JJ., concur.