LOONAN LUMBER COMPANY, Respondent
v.
WANNAMAKER, Apellant

(131 N.W.2d 78)

(File No. 10176.  Opinion filed October 22, 1964)

**Braithwaite, Cadwell & Braithwaite,** Sioux Falls, for defendant and appellant.

**Danforth, Danforth & Johnson,** Sioux Falls, for plaintiff and respondent.

HOMEYER, J. In this negligence action tried to the court plaintiff was awarded damages. Defendant appeals from the judgment. The single issue for review is whether the evidence is sufficient to sustain a finding of negligence.

Defendant was an employee of the South Dakota Highway Department and on June 4, 1963, was engaged in mowing weeds along U. S. Highway No. 77, north of Sioux Falls. The mowing unit consisted of a small tractor with power take-off pulling an attached rotary mower. The rotor blade was five feet in diameter; there were shields or guards on the sides and front of the mower and an opening in the rear which would discharge cut grass, weeds and debris. The mower operated at a constant speed of 540 r.p.m.'s, which was the governed speed of the tractor.

Plaintiff owns and operates a lumber yard located west of and adjacent to said highway in the area where defendant was working. Several large thermo-pane windows are on the east side of what appears to be an office and display building. There are several gravel surfaced approaches or driveways from the highway to plaintiff's premises and other nearby businesses with drainage culverts underneath. The boundaries of the highway, approaches and driveways are slanted for drainage and safety, and directly east of the north window form a small irregular oval-shaped ditch or depression where grass and weeds will grow. The evidence fixes the depth of this depression at from 2 to 4 feet and the distance from the bottom of the window to the center of the ditch at about 75 feet. Defendant admits that the described mowing unit while being operated by him in such ditch, propelled a rock through plaintiff's window causing the damage complained of. However, he maintains the evidence shows no negligence on his part and intimates that although plaintiff might have a cause of action against either the manufacturer of the mower or against defendant's employer, or against both, it does not have a cause of action against him. We do not concern ourselves with possible liability of other parties.

The rule is well recognized that a servant is accountable for injury to third persons caused by his own negligence and the fact that his master may also be liable for the

same tort under the doctrine of respondeat superior, or under some other applicable doctrine, does not .in. itself relieve the servant from· liability.· It is not the contract·of the master with the servant which exposes the servant to, or protects·him from, liability to third persons and liability does not arise from the master and servant relationship. The servant's liability arises from his breach of a duty owed to a third person under the law, or, as sometimes said, from the servant's common-law obligation to use that which he controls as not to injure another. 57 C.J.S. Master and Servant, § 577; 35 Am.Jur., Master and Servant, §584; Restatement of the Law, Agency 2d §350. A· servant· is not liable to third persons for negligence of ·his master as regards instrumentalities which the servant ·does not operate or which are not under his control, but he is answerable for his own negligence in the use and control of such instrumentalities. See McBain v. Lang, 56 N.D. 630, 218 N.W. 641. ·

■ ■ Negligence .has been defined as the failure to exercise ordinary care or, as some prefer to say, due care under the circumstances.. It is the failure to use such care as an ordinarily prudent or reasonable person would use under the same or· similar circumstances. The care required is and must be commensurate to existing and surrounding hazards.· Granflatten v.· Rohde, 66 S.D. 335, 283 N.W. 153. What· is. due care under the· circumstances is ·generally a question of fact and depends·upon the attendant circumstances in each case. ·

■ ■ Proof of an accident with resultant injury or damage in itself does not create a presumption or permit an inference of negligence against a defendant. However, circumstances surrounding the injury and events. preceding it may be such as to allow the trier. of·fact to infer negligence from such circumstances. Orrison v. City of Rapid City, 76 S.D. 145, 74 N.W.2d 489. The breaking of the window may not have been anticipated or foreseen by the defendant, but this does. not relieve him from liability. We have said that we consider "foreseeability to ·be a determinant of the duty element of negligence"; a duty to protect from harm.. Rikansrud v. City of Canton, 79 S.D. 592; 116 N.W:2d· 234. In the opinion of the· court,·Judge Smith quoted with approval the following from Restatement, Torts, 1948 Supplement, § 435(1):

"If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable." Cf. Pfeifer v. Standard Gateway Theater, 262 Wis. 229, 55 N.W.2d 29; Colla v. Mandella, 1 Wis.2d 594, 85 N.W.2d 345, 64 A.L.R.2d 95.

██ Measured and tested by the foregoing principles and rules of law, and considering the evidence and all reasonable inferences therefrom in a light most favorable to plaintiff, we believe the evidence is sufficient to sustain the award of damages and judgment therefor. The findings of fact might have been more accurately drawn and contain some matters not supported by the evidence. Nevertheless, when considered in their entirety they are sufficient and recite facts that support a negligent operation of the mowing unit by defendant as the proximate cause of plaintiff's damage. Photographs in evidence clearly reveal the locus of the accident, relative distances, and the character and condition of the terrain where defendant was working. Obviously, the mentioned ditch did not contain an isolated embedded rock which was or may have been concealed by vegetation, but the graveled surfaces in and around the ditch generally reflect an abundance of stones and rocks of varying and considerable sizes. The defendant admitted knowledge of loose rock in the ditch where he was using the power mower and he said the one causing the damage was about the size of a silver dollar. He knew or should have known that the use of the rotary mower in such an area was a hazard and danger to persons and property in proximity thereto; that such rock if touched by the rotor blade would be hurled through the air unless arrested or deflected by shields or guards on the mower. The defendant knew or ought to have know that guards and shields on the machine would be rendered ineffective or less effective when the mower was tilted or on an angle, and that cut material, rocks and other debris would be propelled without hindrance or with minimum hindrance through the rear opening or otherwise at increased distances.

.An occupant of the building testified that rocks were pelting the building just before the window was broken; that he thought

children might have been throwing stones against the building; that to mow the ditch and around a telephone pole in the ditch the operator would mow around the perimeter and when the tractor goes down into the ditch the back end of the rotary mower would tilt upwards and the guards would offer no protection. He said: "Q And the guards don't have any effect on them (rocks) when it (mower) is down in the ditch? A No. The back end is too high."

No one testified to the precise position of the mower when it propelled the rock against the window. However, we believe a logical inference is that the mower was so turned that cut material and debris was being discharged to its rear towards and against plaintiff's building instead of parallel to the highway which would be virtually without hazard or danger. Under the evidence we cannot say as a matter of law that the defendant could not have avoided the accident and the damage he caused. The evidence is sufficient to show the defendant failed to use due care under the circumstances.

Affirmed.

All the Judges concur.