351 F.2d 275
 EQUITABLE FIRE AND MARINE INSURANCE COMPANY, Appellant,
v.
ALLIED STEEL CONSTRUCTION COMPANY, Midland Engineering Company, Henryetta Construction Company, and Thompson Pipe and Steel Company, Appellees.
 No. 7871.
 United States Court of Appeals Tenth Circuit.
 September 24, 1965.
 
 Walter D. Hanson, Oklahoma City, Okl., for appellant (Hanson, Fisher & Peterson, Oklahoma City, Okl., on the brief).
 Tom S. Williams, Oklahoma City, Okl., for appellee Allied Steel Const. Co.
 Custer W. Sandlin, Oklahoma City, Okl., for appellee Henryetta Const. Co.
 Gus Rinehart, Oklahoma City, Okl., for appellee Midland Engineering Co. (B. E. Bill Harkey, Oklahoma City, Okl., on the brief).
 Richard N. Steed, Shawnee, Okl., for appellee Thompson Pipe & Steel Co. (Spurr & Steed, Shawnee, Okl., on the brief).
 Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal from a judgment entered for the defendants at the conclusion of a pre-trial conference. The action is one for a declaratory judgment brought by an insurance company to determine its liability on a policy issued to one of the defendants. We will consider the judgment as a summary judgment on the court's own motion since no motions by the parties were pending at the time it was entered.
 
 
 2
 The record contains interrogatories with answers and depositions. It appears that the basic issue is the exclusion in an insurance policy issued to Allied Steel Construction Company by the plaintiff, Equitable Fire and Marine Insurance Company. The policy was issued in connection with the construction of an elevated river crossing for a large water pipe line. Allied, the insured, was a subcontractor of Henryetta Construction Company which in turn had a subcontract for the construction of a portion of the water line. Allied, under its subcontract, was required to insure its operations with loss payable to Henryetta and the prime contractor. The policy in question was so issued and contains an exception for losses "* * * caused by or resulting from error, omission or deficiency in design, specifications, workmanship or materials."
 
 
 3
 In performance of its subcontract Allied placed and welded together large diameter steel pipe sections on piers previously built and located for the river crossing by other defendants. When the crossing was nearly completed and when Allied had put in position a section of pipe, it became apparent that the pipe in place would not reach to the next pier as required. The specifications provided that the pipe be attached by various devices to different piers. Some were to be by fixed "shoes", and others by "rocking shoes" which permitted longitudinal movement of the pipe as it contracted and expanded. When the pipe failed to reach the pier it was decided to change one of these attachments already in place from a fixed shoe to a rocking shoe. This apparently was to permit the string of connected sections of pipe to move, and thereby extend to the pier. To accomplish this change of shoes, an end of the completed pipeline was raised by a jack, and the shoe was changed. However, as the pipeline was being lowered the movement was such that the entire string of pipe fell from the piers into the riverbed causing the loss which Allied asserts was covered by the policy.
 
 
 4
 The depositions and interrogatories do not show whether the failure of the pipe string to reach the pier was caused by an error in placing the piers, an error in design of the crossing, or an error in the fabrication of the pipe. These functions were the responsibility of other defendants who here urge however that it does not make any difference which of these factors were present because such an error could only create a condition. Under their theory it was instead the action of changing the shoes or the jacking of the pipe or the failure to anchor the pipe or all such action taken to correct the condition, the gap, which actually caused the damage.
 
 
 5
 The depositions show a conflict in the opinions, and in the facts as to whose employee initiated the remedial action, and also who undertook to supervise it. A representative of the defendant Thompson Pipe and Steel Company which had made the pipe and fittings was present and participated in the remedial steps which were attempted. These are basic facts which must be determined in order to resolve the legal issues. There appear to be other factual conflicts and various inferences to be drawn from the facts.
 
 
 6
 Thus there remained at the time of the pretrial below a number of unresolved material facts. Under these circumstances the judgment entered by the trial court was improper.
 
 
 7
 The standards to be applied in granting or denying summary judgments have been considered by this court in many cases, and need not be repeated here. It is sufficient to say that the litigants are entitled to a trial on the merits of unresolved material factual issues including inferences from established facts. Wirtz v. Young Electric Sign Co., 315 F.2d 326 (10th Cir.); Avrick v. Rockmont Envelope Co., 155 F.2d 568 (10th Cir.); Schreffler v. Bowles, 153 F.2d 1 (10th Cir.).
 
 
 8
 We have also heretofore considered the issue raised by the appellant as to the power of the court to make a summary disposition, and have upheld such action in the proper circumstances. Wirtz v. Young Electric Sign Co., supra; Holcomb v. Aetna Life Ins. Co., 255 F.2d 577 (10th Cir.); Berger v. Brannan, 172 F.2d 241 (10th Cir.). See also Frye v. Omaha & C. B. St. R. Co., 106 Neb. 333, 183 N.W. 567, 22 A.L.R. 609. However, we do not have here present such circumstances. Based on the results of some discovery which constitutes the record which is now before us, the plaintiff is instead entitled to have the issues resolved by trial.
 
 
 9
 We conclude that the trial court was in error in its summary disposition of the case, and it is reversed and remanded.