670 F.2d 87
 Michael MASUEN, Appellant,
v.
E. L. LIEN AND SONS, INC., A Corp.; Dakota Contracting
Corp., A Corp., Appellees,
Herb Teske, An Individual; Maynard Sommer, An Individual;
Robert Kirwan, AnIndividual; John Van Lent, An
Individual, Appellees,
Leonard Peterson, An Individual, and Herb Teske, Maynard
Sommer, Robert Kirwan, John Van Lent, Leonard
Peterson, Appellees,
v.
Thomas MANNING.
 No. 81-1452.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1981.
Decided Dec. 23, 1981.
As Amended Feb. 9, 1982.
Rehearing and Rehearing En Banc Denied Feb. 19, 1982.
 
 John Blackburn, Blackburn Law Offices, Yankton, S. D., J. Michael Dull (argued), Dull, Murphy, Dull & Michaelson, Le Mars, Iowa, for appellant.
 David V. Vrooman (argued), Sioux Falls, S. D., Ron Kappelman (argued), John C. Wiles, Watertown, S. D., for appellees.
 Before BRIGHT and ROSS, Circuit Judges, and DEVITT,* District Judge.
 ROSS, Circuit Judge.
 
 
 1
 This is an appeal by plaintiff Michael Masuen from an order of the district court[1] granting defendants' motion for judgment notwithstanding the verdict and an order refusing Masuen's motion to alter or amend that judgment.
 
 
 2
 Background.
 
 
 3
 Masuen was injured in a collision between his motorcycle and an automobile driven by Thomas Manning at a state highway construction site in Clay County, South Dakota on May 1, 1977. Masuen commenced this action on November 6, 1978, naming as defendants E.L. Lien and Sons, Inc. (Lien), Dakota Contracting Corporation (Dakota Contracting), Herb Teske, Maynard Sommer, Robert Kirwan, John Van Lent, and Leonard Peterson. The individual defendants were employees of the state of South Dakota. Masuen claimed $300,000 damages for injuries sustained in the collision.
 
 
 4
 Masuen's complaint alleged that the proximate cause of the collision and his resultant injuries was the negligent and illegal placement of barricades and warning signs at the construction site. The state employees filed a cross-claim against Lien for indemnification based on Lien's contract with the state. The state employees also filed a cross-claim against Dakota Contracting and filed a third party complaint against Manning alleging that the accident was caused by Manning's negligence.
 
 
 5
 Manning was granted a summary judgment based on a general release executed by Masuen prior to commencement of this lawsuit. The question of Manning's negligence was submitted to the jury under the state joint tortfeasor and comparative negligence laws.
 
 
 6
 Masuen voluntarily dismissed state employees, Teske, Sommer, and Peterson, as they had no direct involvement in the construction project. On May 8, 1980, the jury returned a verdict for Masuen against the state employees, Kirwan and Van Lent, in the amount of $144,000. The jury, by special interrogatory, assessed the relative degree of fault of the defendants as follows:
 
 
 7
 E. L. Lien & Sons, Inc. 0%
Dakota Contracting Corp. 0%
Robert Kirwan 35%
John Van Lent 35%
Thomas Manning 30%
 ----
 100%
 
 
 8
 Subsequent to the verdict a hearing was held on the state employees' cross-claim for indemnity against Lien. On August 11, 1980, the court issued a memorandum decision granting indemnity against Lien. Before this decision was reduced to judgment the South Dakota Supreme Court rendered its decision in High-Grade Oil Company v. Sommer, 295 N.W.2d 736 (S.D.1980). Based on that decision the state employees filed a motion for judgment notwithstanding the verdict. The court granted the motion on October 8, 1980, holding that based on High-Grade, the state of South Dakota was the real party in interest and the state employees were immune from suit. The court dismissed the action against all defendants.
 
 
 9
 Masuen's motion to alter or amend the judgment was denied on March 24, 1981. The court held that Lien could not be held contractually liable to Masuen because the jury did not assess any fault against Lien. Masuen appeals from the judgment n.o.v. and the denial of his motion to alter or amend the judgment.
 
 
 10
 Issues.
 
 
 11
 1. Did the district court err in holding that the state was the real party in interest and the state employees were immune from suit under the doctrine of sovereign immunity?
 
 
 12
 2. Did the district court err in holding that Lien was not contractually liable to Masuen?
 
 
 13
 Sovereign Immunity.
 
 
 14
 Defendants Kirwan and Van Lent argued and the district court agreed that the state of South Dakota was the real party in interest in this suit and thus the suit was barred by sovereign immunity. The district court stated in its memorandum decision of March 16, 1981, that High-Grade, supra, 295 N.W.2d 736, held
 
 
 15
 that any tort action against an employee of the State where the State is the real party in interest, and where judgment for the plaintiff, although nominally against the employee as an individual, could operate to subject the State to liability, is not maintainable under the doctrine of sovereign immunity.
 
 
 16
 Masuen v. E.L. Lien & Sons, Inc., No. 78-4115 (D.S.D., Mar. 16, 1981) (memorandum decision). On the basis of High-Grade the district court granted a judgment n.o.v. in favor of Kirwan and Van Lent.
 
 
 17
 The first question for this court is whether the present suit against the state employees, Kirwan and Van Lent, was barred by sovereign immunity. We hold that it was not.
 
 
 18
 The law at the time of the accident and at the time of trial in South Dakota regarding a state employee's liability for negligence was embodied in Loonan Lumber Co. v. Wannamaker, 81 S.D. 51, 131 N.W.2d 78 (1964). In Loonan the South Dakota Supreme Court held that an employee of the South Dakota Highway Department who was negligent in the performance of his duties was liable to plaintiff for damages. The court did not discuss sovereign immunity but based its holding on the principle that:
 
 
 19
 It is not the contract of the master with the servant which exposes the servant to, or protects him from, liability to third persons and liability does not arise from the master and servant relationship. The servant's liability arises from his breach of a duty owed to a third person under the law, or, as sometimes said, from the servant's common-law obligation to use that which he controls as not to injure another.
 
 
 20
 Id., 131 N.W.2d at 79 (citations omitted).
 
 
 21
 The Eighth Circuit, applying South Dakota law, held that where no damages are sought against the state and plaintiff seeks to impose liability on defendants "solely for their personal and individual negligence" the state is not the real party in interest. Schumaker v. South Dakota, 518 F.2d 653, 654 (8th Cir. 1975), aff'g, 386 F.Supp. 618 (D.S.D.1974), cert. denied, 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976). The court in Schumaker cited Loonan in support of the holding that the state cannot "extend the concept of sovereign immunity to immunize its agents from liability for their personal negligence." Schumaker v. South Dakota, supra, 518 F.2d at 654.
 
 
 22
 In the present case Masuen seeks to impose liability on defendants Kirwan and Van Lent for their personal negligence. Masuen does not seek specific relief which will ultimately be imposed on the state. We hold that Masuen's suit against Kirwan and Van Lent for damages for their personal negligence was not a suit against the state at the time it was brought and thus was not barred by sovereign immunity.
 
 
 23
 Before the district court's decision granting indemnity against Lien was reduced to judgment the South Dakota Supreme Court held, based on facts essentially identical to those in the present case, that the state was the real party in interest and the doctrine of sovereign immunity barred a suit against the state employees. High-Grade Oil Company v. Sommer, supra, 295 N.W.2d 736. The court in High-Grade stated that
 
 
 24
 where the state is the real party against which relief is sought, and where a judgment for the plaintiff, although nominally against the officer as an individual, could operate to subject the state to liability, the action is to be deemed against the state * * *.
 
 
 25
 Id., 295 N.W.2d at 737 (citations omitted). In that opinion no mention was made of either Loonan or Schumaker.
 
 
 26
 The district court in the present case relied on High-Grade in holding that the state of South Dakota and not the individual employees was the real party in interest. Masuen v. E.L. Lien & Sons, Inc., No. 78-4115 (D.S.D., Oct. 8, 1980) (judgment and judgment notwithstanding verdict). The district court dismissed the action holding that Kirwan and Van Lent were immune from suit. The question before us is whether the district court erred in applying High-Grade to the present case. We hold that it did.
 
 
 27
 The court in High-Grade relied on the fact that the employees were acting in performance of their official duties when it held that the suit was actually against the state.[2] This distinction had not been made previously in South Dakota. In Loonan the court held a state employee liable for his negligence even though he was acting in performance of his official duties. Loonan Lumber Co. v. Wannamaker, supra, 131 N.W.2d 78.
 
 
 28
 To the extent High-Grade held that a state employee acting in performance of official duties is not liable for negligence, that case changed the law in South Dakota. Prior to High-Grade a state employee could be sued for personal negligence even though the actions were performed in furtherance of official duties. See Loonan Lumber Co. v. Wannamaker, supra, 131 N.W.2d 78; Schumaker v. South Dakota, supra, 518 F.2d 653.
 
 
 29
 This circuit has adopted the test set out by the Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) for determining whether a court decision should be applied retroactively. Rudolph v. Wagner Electric Corp., 586 F.2d 90, 92 (8th Cir. 1978), cert. denied, 441 U.S. 924, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979). The factors to be considered with regard to retroactivity are "whether the court ruling in question was of first impression or 'clearly foreshadowed,' whether the retroactivity will further or retard the purpose of the rule, and whether inequities will result by retroactive application of the rule." Rudolph v. Wagner Electric Corp., supra, 586 F.2d at 92 (footnote omitted).[3]
 
 
 30
 We hold that High-Grade should not be applied retroactively in the present case because it overruled past precedent concerning the liability of state employees for their negligence and because retroactive application would produce substantial inequities due to the inability of the parties to anticipate such a change in the law.[4] Thus, High-Grade is not controlling in this case.
 
 
 31
 Contractual Liability.
 
 
 32
 In its memorandum decision dated August 11, 1980, the district court held that the state employees were entitled to receive indemnification from Lien. On October 8, 1980, the court granted judgment n.o.v. in favor of the state employees and dismissed the action against all defendants. On March 16, 1981, in its memorandum decision denying Masuen's motion to alter or amend the judgment, the district court held that Masuen was not entitled to recover against Lien on a breach of contract theory. We agree.
 
 
 33
 Masuen's theory presented in the motion to alter or amend judgment and now on appeal is that Masuen, as a member of the general public, is a third party beneficiary of the contract between Lien and the state. Thus, Masuen argues, he is entitled to recover against Lien for Lien's breach of its contract even though the jury found no negligence on the part of Lien.
 
 
 34
 We hold that Masuen was not entitled to an amendment of the judgment against Lien because Masuen failed to substantiate at trial Lien's contractual liability. The breach of contract claim was raised for the first time in Masuen's motion to alter or amend the judgment. A reading of that motion and the district court record in this case fails to reveal a basis for Masuen's recovery against Lien for breach of contract.
 
 
 35
 Additionally, we agree with the argument raised in the petition for rehearing, filed January 6, 1982, that the issue of whether the state employees are entitled to contractual indemnity from Lien should be remanded for consideration by the district court.
 
 
 36
 Conclusion.
 
 
 37
 We reverse the district court's order of October 8, 1980, granting judgment n.o.v. for defendants Kirwan and Van Lent. We affirm the court's order of March 16, 1981, denying Masuen's motion to alter or amend the judgment against Lien. We remand to the district court the question of whether the state employees are entitled to contractual indemnity from Lien. Reversed in part, affirmed in part. Remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Fred J. Nichol, United States District Judge for the District of South Dakota
 
 
 [2]
 The court stated:
 Appellee is an employee of the Department of Transportation, the operational arm of the Board. Any action on his part in the performance of his duties, whether negligently done or otherwise, clearly is constitutional and is not void.
 High-Grade Oil Co. v. Sommer, 295 N.W.2d 736, 738 (1980).
 
 
 [3]
 In Chevron Oil Co. v. Huson, 404 U.S. 97, 106-107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) the Court stated:
 First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed * * *. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." * * * Finally, we have weighed the inequity imposed by retroactive application, for "(w)here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."
 (Citations omitted.)
 
 
 [4]
 It is significant to note that after the High-Grade decision was rendered on August 20, 1980, the South Dakota Legislature passed South Dakota Codified Laws §§ 21-32-15 and 16 which became effective on July 1, 1981, and which waived sovereign immunity to the extent the state obtained liability insurance. We think this further supports our position that High-Grade should not be applied retroactively