518 F.2d 653
 Lawren V. SCHUMAKER and Darlene Schumaker, Plaintiffs-Appellees,
v.
Maynard SOMMER et al., Defendants,
and
State of South Dakota, acting by and through the Department
of Transportation for the Division of Highways,
Applicant for Intervention, Appellant.
 Nos. 75-1070, 75-1071.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 10, 1975.
Decided June 19, 1975.
 
 Camron Hoseck, Asst. Atty. Gen., Dept. of Transportation, Pierre, S. D., for appellant.
 Charles Poches, Jr., Fort Pierre, S. D., for plaintiffs-appellees.
 Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and KILKENNY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 The State of South Dakota appeals the denial of its application to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2) in two pending lawsuits seeking damages for the individual negligence of state employees.[1] It is undisputed and admitted that intervention was sought for the purpose of moving to dismiss the lawsuits on the ground of sovereign immunity, it being the State's contention that it is the real party in interest and that its sovereign immunity shields its employees from their personal negligence while performing official duties.
 
 
 2
 A reading of the pleadings reveals, however, that no damages are being sought against the State. Rather, the complaints seek to impose liability upon the named defendants solely for their personal and individual negligence. The State, in maintaining that it is the real party in interest, is attempting to extend the concept of sovereign immunity to immunize its agents from liability for their personal negligence. This is not the law of South Dakota. See, e. g., Loonan Lumber Co. v. Wannamaker, 81 S.D. 51, 131 N.W.2d 78 (1964), an action for personal negligence. The South Dakota Supreme Court therein stated:
 
 
 3
 It is not the contract of the master with the servant which exposes the servant to, or protects him from, liability to third persons and liability does not arise from the master-servant relationship. The servant's liability arises from his breach of a duty owed to a third person under the law, or, as sometimes said, from the servant's common-law obligation to use that which he controls as not to injure another.
 
 
 4
 81 S.D. at 54, 131 N.W.2d at 79.
 
 
 5
 The State's arguments are untenable in this case and are disposed of by Judge Nichol's well-reasoned memorandum decision. The application for intervention as a matter of right was properly denied by the District Court and its order is hereby affirmed on the basis of its memorandum decision.
 
 
 
 *
 The Honorable John F. Kilkenny, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [1]
 The Honorable Fred J. Nichol, Chief Judge of the United States District Court for the District of South Dakota, denied this application in a memorandum decision reported at 386 F.Supp. 618 (D.S.D.1974)