391 So.2d 1230 (1980)
Sandra Duren Maxwell, wife of/and James F. MAXWELL
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 13635.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Writ Refused November 26, 1980.
*1231 Paul H. Due, Baton Rouge, for plaintiff.
David K. Balfour, Woodrow W. Wyatt, Baton Rouge, for defendant.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
Plaintiffs-appellees, Sandra Duren Maxwell, wife of/and James F. Maxwell, filed suit against the defendant-appellant, State of Louisiana, through the Department of Transportation and Development (Department of Highways) for damages and for injuries the wife sustained as a result of a one-car accident.
The case was tried in the Twenty-first Judicial District Court for the Parish of Livingston before Leon Ford, III, Judge, who rendered judgment in favor of the plaintiffs. The Department suspensively appealed the judgment. We affirm.
The accident occurred on the night of July 26, 1976, on Louisiana Highway 16 (La. 16) in the Parish of Livingston, Louisiana. Plaintiff, Sandra Maxwell, was driving her new Cadillac automobile in a northerly direction at about 50 miles per hour, although the speed of the vehicle could not be definitely determined. As she entered a sharp curve just south of the intersection with Arnold Road, Louisiana Highway 1025 (La. 1025), one wheel of her automobile slipped off the paved portion of the roadway onto the shoulder, causing her to lose control of her car and to crash into the adjacent ditch, which resulted in the damages and injuries of which the plaintiffs complain.
The evidence in the record establishes that the curve on La. 16 where the accident occurred, although designated as safely negotiable at 50 m. p. h., could not be safely negotiated at a speed in excess of 40 m. p. h. At this point the shoulder was significantly lower than the roadway and was very narrow. In discussing the conditions at the point of the accident, the trial judge noted:
"The shoulder to Highway 16 was dangerous and defective at the point of the accident because of its drop off from the edge of the highway at its critical location in the sharp curve. It was of insufficient width to allow a driver who dropped off of the highway on to the shoulder at any reasonable speed to regain control of their (his) vehicle and avoid running into the adjacent ditch."
This case, like Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979), presents primarily the issue of whether a motorist who inadvertently drives off the paved portion of a state highway onto the shoulder, and who thereby loses control of her vehicle due to the condition of the roadway and shoulder, is barred from recovery for her injuries. The question of the liability of the State resulting from the condition of the roadway and shoulder is necessarily an issue. The appellant has also raised the *1232 incidental question of the trial judge's acceptance of the plaintiffs' expert witness, Duaine T. Evans, as an expert in traffic engineering and accident reconstruction.
The Highway Department has the basic responsibility for the maintenance of State Highways. LSA-R.S. 48:21, 191. The Department is required to maintain its highways in a reasonably safe condition for motorists exercising ordinary care and reasonable prudence. Although it is not an insurer of the safety of motorists using its highways, it can not knowingly allow a condition to exist which is hazardous to a reasonably prudent motorist. Sinitiere v. Lavergne, 381 So.2d 522 (La.App. 3 Cir. 1980); Brown v. Louisiana Department of Highways, 373 So.2d 605 (La.App. 3 Cir. 1979); Robertson v. Handy, 354 So.2d 626 (La.App. 1 Cir. 1977), writ denied, 356 So.2d 434 (La.1978); Breaux v. Louisiana Department of Highways, 347 So.2d 1290 (La.App. 1 Cir. 1977), writ denied, 350 So.2d 1226 (La.1977).
In Watson v. Morrison, 340 So.2d 588 (La.App. 1 Cir. 1976), writ denied, 341 So.2d 1134 (La.1977), and Willis v. State ex rel. Louisiana Department of Highways, 321 So.2d 819 (La.App. 1 Cir. 1975), writ denied, 325 So.2d 280 (La.1976), the courts established that shoulders are included in the duty of maintenance of the highway department. See also Besnard v. Department of Highways, 381 So.2d 1303 (La.App. 4 Cir. 1980).
The evidence reveals that the dangerous condition of this particular curve (with the inadequate shoulder) was known to the Department. Local residents had made numerous complaints to the Department about the condition and many vehicular accidents had occurred at this particular location over an extended period of time. See Gayle v. Department of Highways, 205 So.2d 775 (La.App. 1 Cir. 1967), writ refused, 251 La. 932, 933, 207 So.2d 538, 539 (1968). We thus determine that the Department was negligent in allowing such a known dangerous condition to exist, which caused the accident in question.
The defendant contends that Sandra Maxwell was negligent in driving at an excessive rate of speed under the circumstances. The Department sums up its argument: "Clearly, some negligence on the part of Mrs. Maxwell caused this accident. Any other conclusion is pure guess work and plaintiff should not be allowed to recover on that foundation."
The evidence does not support the defendant's allegation of excessive speed on the part of Mrs. Maxwell, or any other "negligence" on her part. The evidence shows that as she attempted to negotiate the curve at a reasonable rate of speed, one of the front wheels inadvertently left the paved surface of the highway, onto a severe dropoff on the narrow shoulder, causing her to lose control of the automobile and to crash into the adjacent ditch. We find that the contention of the Department that Mrs. Maxwell was contributorily negligent under such circumstances is fully answered by the Louisiana Supreme Court in Rue v. State, Department of Highways, 372 So.2d 1197, 1199 (La.1979). In the Rue case, the motorist had inadvertently driven off the highway onto its shoulder and lost control of her vehicle upon striking a dangerous rut in the shoulder, causing the accident and injuries. The Rue Court held as follows:
"Under a simple `but-for' analysis the accident would not have occurred had either the Highway Department not been negligent in failing to maintain the shoulder or the plaintiff not been negligent (and for present purposes we assume her inadvertent meandering was negligence) in moving the vehicle onto the shoulder. But this does not conclude the inquiry. Focusing on plaintiff's `substandard' conduct the question is whether the risk of injury from striking an unexpected, negligently maintained highway shoulder was a risk reasonably related to plaintiff's failure to drive entirely on the paved portion of the highway. We conclude that it was not. A motorist has a right to assume that a highway shoulder, the function of which is to accommodate motor vehicles intentionally or unintentionally *1233 driven thereon, is maintained in a reasonably safe condition. Conversely the Highway Department's duty to maintain a safe shoulder encompasses the foreseeable risk that for any number of reasons, including simple inadvertence, a motorist might find himself travelling on, or partially on, the shoulder.
"We conclude that plaintiff's conduct if indeed it was substandard is no bar to her recovery of damages occasioned chiefly because the Highway Department negligently failed to maintain a safe highway shoulder."
Thus, we determine that Mrs. Maxwell's conduct does not bar her from recovery of damages which were occasioned chiefly because the Highway Department negligently failed to maintain a safe highway and shoulder.
There is no merit in the appellant's contention that the trial court erred in accepting plaintiff's expert witness, Duaine Evans, as an expert in accident reconstruction. In the absence of clear abuse of the trial court's discretion in accepting an expert witness, the appellate courts do not reject the testimony of the expert or find reversible error. Sledge v. Aluminum Specialties Mftg., Inc., 351 So.2d 835 (La.App. 1 Cir. 1977); Ashley v. Nissan Motor Corp. in U.S.A., 321 So.2d 868 (La.App. 1 Cir. 1975), writ denied, 323 So.2d 478 (La.1975).
The thrust of the Department's objection was that Mr. Evans had taken "no special formalized training, either graduate or undergraduate dealing with dynamics in physics of moving vehicles that become involved in vehicular collisions." Such an argument is so untenable as to border dangerously close to facetiousness. Structured-learning in a school-setting has never been the sole manner in this country for the acquisition of expertise in a specific field. Experience alone is enough to qualify a witness as an expert. Shaw v. New Orleans Public Service, 188 So. 187 (La.App.Orl. 1939). Be that as it may, the record shows beyond question that Mr. Evans was qualified to testify as an accident reconstruction expert. The trial judge committed no error in allowing his testimony. The record reflects that Judge Ford gave no undue or improper weight to the testimony of the expert witness. In any event, this was a one-car accident where the motorist inadvertently allowed one wheel of her automobile to run off the paved roadway onto a "dangerous" shoulder, which caused her to lose control of her vehicle. No major "reconstruction of the accident" was required to establish the facts of the case. All of the evidence points to what happened. In this situation, Rue v. State, Department of Highways, supra, is controlling. The appellant's attempt to restrict the Rue case to motorists striking a "dangerous rut" in the shoulder of the highway must fail. Our Supreme Court had little difficulty in finding the Highway Department "negligent in failing to maintain the shoulder of the highway in a safe condition." We point out that significant variation in the levels of the paved-portion and the shoulder-portion, combined with a narrow shoulder, as in the instant case, constitutes a situation equally as hazardous as a "dangerous rut in the shoulder" of the Rue case. We have no difficulty in determining that the Department was negligent in failing to maintain the shoulder at this improperly-marked curve in a reasonably safe condition. We conclude, as the Rue Court concluded, "plaintiff's conduct if indeed it was substandard is no bar to her recovery of damages occasioned chiefly because the Highway Department negligently failed to maintain a safe highway shoulder."
The appellees ask in their brief that the defendant-appellant be condemned to pay damages for maintaining a frivolous appeal. Under LSA-C.C.P. art. 2164, appellate courts do have the authority to award such damages; however, appeals being favored, the imposition of damages will not be granted unless clearly due. Hebert v. Knoll, 370 So.2d 151 (La.App. 3 Cir. 1979); Guidry v. Carmouche, 320 So.2d 267 (La.App. 3 Cir. 1975); Motion Picture Advertising Corporation v. Smith, 207 So.2d 847 (La.App. 1 Cir. 1968). There were serious legal questions presented. It is certainly *1234 not apparent that the counsel for appellant did not believe in the merits of this appeal. For these reasons, we reject the appellee's demand for damages for a frivolous appeal.
For the reasons herein set out, the judgment appealed is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.