Ed ARNDT, as Special Administrator of the Estate of Ervin L. Peterson, Jr., deceased, Plaintiff and Appellant,

v.

HANNUM TRUCKING and Duane Hannum, Individually, Defendant, Third-Party Plaintiff and Appellant,

v.

C. E. McKINLEY, d/b/a McKinley Agency, The City of Fort Pierre, South Dakota, a Municipal Corporation, the South Dakota Department of Transportation, a Sub-division of the Government of the State of South Dakota, Third-Party Defendants,

and

Maynard Sommer, individually and as the Highway Engineer for the South Dakota Department of Transportation, State of South Dakota, and Henry Greek, individually and as District Engineer for the Fourth District of the South Dakota Department of Transportation, Third-Party Defendants and Appellees.

Nos. 13389, 13390, 13394 and 13395.

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1981.

Decided Oct. 6, 1982.

Thomas M. Maher of Maher & Gors, Pierre, for plaintiff and appellant.

James Robbennolt of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendant, third-party plaintiff and appellant.

Charles P. Schroyer of Schmidt, Schroyer, Colwill & Zinter, Pierre, for third-party defendants and appellees.

PER CURIAM.

These are appeals from two judgments granting appellees' motions for summary judgments. We affirm.

On February 27, 1979, Ervin Peterson died when the antenna on the vehicle he was operating touched an overhead electrical line crossing Highway 14–83 near Fort

Pierre. In the resulting negligence and workmen's compensation actions, it was alleged that appellees, Maynard Sommer, the state highway engineer, and Henry Greek, the District 4 engineer, were negligent while acting in their official capacities. Summary judgments were granted on the basis of sovereign immunity.

■ At the time of the accident, appellees were covered by two liability insurance policies purchased by the State and the Department of Transportation. Appellants argue that the approval of the general appropriations bill which included line item authorization for the payment of certain liability insurance policy premiums, see SDCL 4–7, 4–8, waived the sovereign immunity attaching to appellees in their roles as state employees.

We disagree. In *High-Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736, (S.D.1980), we considered whether the purchase of liability insurance waived the immunity of state employees and officers. We said:

> Finally, we look to appellants' most persuasive argument, that the purchase of liability insurance constitutes a waiver of immunity, particularly as to officers and employees of the state. The record reflects that there are two policies of liability insurance, each with substantial coverage; one apparently purchased by the State Purchasing Department and the other apparently purchased by the State Bureau of Administration. On its face it would appear that if the legislature authorized purchase of such coverage the state would not intend to spend tax dollars for something that it does not need if there is in law no liability, so its obvious intent would be to waive immunity. Yet appellants fail to cite to us and we are unable to find any statutory authority for those departments or agencies to purchase those policies.

> Nor do we believe that either the State Purchasing Department or the Bureau of Administration has constitutional or statutory authority to waive the governmental immunity by purchasing liability coverage. It is only the legislature, expressing the will of the sovereign people, that is authorized to make this decision. No state official or board can usurp that authority. We decline to rule that the purchase of the liability insurance coverage above alluded to constitutes a waiver of governmental immunity.

Id. at 739.

We cannot conclude that sovereign immunity was waived in the absence of any specific statutory authority waiving governmental immunity or authorizing agency purchase of liability insurance.*

■ Appellants also argue that the 1981 legislature ratified the past purchases of liability insurance by enacting SDCL 21–32–15 and SDCL 21–32–16 (SL 1981, Ch. 169, § 1 and 2) which authorize the purchase of liability insurance and partially waive sovereign immunity. In *State ex rel Van Emmerik v. Janklow,* 304 N.W.2d 700, 703 (S.D.1981), we noted that "statutes are presumed to have prospective application and may be construed as retroactive only when such intention plainly appears. SDCL 2–14–21." The legislation appellants cite does not meet the *Van Emmerik,* supra, criteria.

The judgments are affirmed.

---

* In *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D. 1981), a case dealing with school district immunity, we noted that "if there is to be a departure from the immunity rule, the policy must be declared and the extent of liability fixed by the legislature." Id. at 524. We also noted that the authority to purchase and the purchase of liability insurance did not provide permission to sue the district in tort where the legislature had not granted such permission. Id.