Therese Holland KRUGER, Hazel Holland and Kenneth Holland, Plaintiffs and Appellants,

v.

Patricia A. WILSON, Defendant and Appellee.

No. 13379.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 19, 1982.

Decided Nov. 3, 1982.

Rehearing Denied Dec. 13, 1982.

Thomas M. Maher of Maher, Gors & Dean Pierre, for plaintiffs and appellants.

Robert B. Anderson of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee.

MORGAN, Justice.

This is an action to recover for personal injuries and property damage sustained by the appellants as a result of an automobile collision involving a state vehicle operated by Patricia A. Wilson (Wilson). Suit was brought against Wilson as an individual, not against the state. Wilson's counsel sought summary judgment on the grounds that sovereign immunity protected Wilson, who was acting within the scope of her employment at the time of the collision. The trial court granted summary judgment on the basis of our decision in *High-Grade Oil Co. v. Sommer*, 295 N.W.2d 736 (S.D. 1980). We hold that the learned trial judge misread *High-Grade Oil* and extended sovereign immunity beyond the scope of that decision. We reverse and remand.

Wilson, an employee of the State of South Dakota, Department of Social Services, was operating a State Travel Commission vehicle while returning to Pierre. Wilson was proceeding to the state facilities shortly before 5:00 p.m. to refuel her car when she struck plaintiff's vehicle. For the purpose of this opinion only, we will assume that the appellants have a valid claim for negligence.

The state, as a sovereign, is immune from suit in state courts unless the legislature has consented to the particular suit alleged. *Conway v. Humbert*, 82 S.D. 317, 145 N.W.2d 524 (1966). Also, where a suit nominally against an employee seeks relief from the state, the suit is actually against the state and is barred by immunity. *High-Grade Oil, supra.* In *High-Grade Oil*, we set out the test to determine when an action is against the state:

> [W]here the state is the real party against which relief is sought, and where a judgment for the plaintiff, although nominally against the officer as an indi-

vidual, could operate to subject the state to liability[.]

295 N.W.2d at 737.

In *High-Grade Oil,* we held that the action, though nominally against an employee in his individual capacity, was against the state. Under South Dakota Constitution art. XIII, § 9, the construction and maintenance of highways is a function of state government and the legislature vested authority for such construction and maintenance in the Board of Transportation. Sommer, as an employee of the Department of Transportation, the operational arm of the board, designed the "S" curve. Design of public facilities is an important governmental function. It is a continuing responsibility. An adverse decision against Sommer, as an individual, would require the Department of Transportation, although not a litigant, to redesign and alter the curve. The state became vitally interested since the financial responsibility for remedial measures would be entirely born by the state treasury. *See Maxwell v. State,* 391 So.2d 1230, *cert. den.* 394 So.2d 281 (La.App. 1980); *State Farm Mut. Auto. Ins. Co. v. Slaydon,* 376 So.2d 97 (La.1979); *Wilson v. State,* 364 So.2d 1313 (La.App.1978), *cert. den.* 366 So.2d 563 (1979); *Furness v. Michigan Public Service Com'n,* 100 Mich.App. 365, 299 N.W.2d 35 (1980).

■ In contrast to *High-Grade Oil,* the instant case does not seek relief against the state or subject the state to liability. The relief sought here is the recovery of damages from a state employee, the driver of a car, who allegedly negligently caused this accident. There are no allegations that the car, for example, was negligently maintained by the state. No financial recovery is sought from the state[1]; nor are remedial measures involved which could place financial responsibility on the state. Accordingly, this suit is not barred by sovereign immunity as an action against the state.

■ Sovereign immunity may also bar a suit against a governmental employee.[2] The immunity available to employees is "an outgrowth of the doctrine of governmental immunity." *Sioux Falls Const. Co. v. City of Sioux Falls,* 297 N.W.2d 454, 458 (S.D. 1980). A suit against an employee in his representative or official capacity only, which does not allege personal negligence, is barred by immunity. *See Arndt v. Hannum Trucking,* 324 N.W.2d 680 (S.D.1982); *Merrill v. Birhanzel,* 310 N.W.2d 522, 523 n. 1 (S.D.1981); *Spielman v. State,* 91 N.W.2d 627 (N.D.1958). See discussion in *Nat'l Bank of S.D. v. Leir,* 325 N.W.2d 845, at n. 7 (S.D.1982). Wilson, in the present case, is sued individually for her personal negligence in operating a motor vehicle. Since all allegations relate to the individual negligence of Wilson, she is not sued in her official capacity.

■ Whether immunity extends to an employee sued in an individual capacity depends on the function performed by the employee. *High-Grade Oil, supra; Sioux Falls Const. Co., supra.* In *Sioux Falls Con-*

---

1. *Compare,* in *Peters v. State,* 66 Mich.App. 560, 239 N.W.2d 662 (1976), the Michigan Appellate Court held the state was immune from liability for injuries sustained by a driver and passenger of an automobile owned and driven by a state employee on official business. In *Peters,* the suit sought recovery from the state, whereas in the present case, the suit seeks recovery from the employee who allegedly negligently drove the automobile.

2. Appellant Kruger refers us to two recent sovereign immunity cases in which the Eighth Circuit Court of Appeals applied South Dakota law. In both of these cases, *Masuen v. E. L. Lien and Sons, Inc.,* 670 F.2d 87 (8th Cir.1981) and *Schumaker v. State of South Dakota,* 518 F.2d 653 (1975) *aff'g* 386 F.Supp. 618 (D.S.D. 1974), *cert. den.,* 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976), the court applied *Loonan Lumber Company v. Wannamaker,* 81 S.D. 51, 131 N.W.2d 78 (1964). *Loonan Lumber,* however, addressed master and servant principles rather than sovereign immunity. Although we agree with the court's statement that "where no damages are sought against the state and plaintiff seeks to impose liability on defendants 'solely for their personal and individual negligence' the state is not the real party in interest," *Masuen,* 670 F.2d at 90 (quoting from *Schumaker,* 518 F.2d at 654), we disagree that *Loonan Lumber* applies to sovereign immunity. Since sovereign immunity was neither raised nor discussed in *Loonan Lumber,* we find no

*struction,*[3] argued and considered at the same time as *High-Grade Oil,* this court stated that the factors listed at Restatement (Second) of Torts, § 895D, comment f (1979), will be considered to determine whether an employee's *function* is discretionary and thus immune from suit. These factors include:

(1) The nature and importance of the function that the officer is performing. . . .

(2) The extent to which passing judgment on the exercise of discretion by the officer will amount necessarily to passing judgment by the court on the conduct of a coordinate branch of government. . . .

(3) The extent to which the imposition of liability would impair the free exercise of his discretion by the officer. . . .

(4) The extent to which the ultimate financial responsibility will fall on the officer. . . .

(5) The likelihood that harm will result to members of the public if the action is taken. . . .

(6) The nature and seriousness of the type of harm that may be produced. . . .

(7) The availability to the injured party of other remedies and other forms of relief.

*Id.* We are faced with an application of these factors to the facts and circumstances of the instant case.

Allegedly, Wilson negligently drove a state vehicle on state business. The case is built on Wilson's responsibility to those she individually contacts. It neither arises from an important discretionary function,

such as designing a highway, nor would imposing liability impair Wilson's job discretion. The likelihood of harm to the public depends on Wilson, not on departmental authorization of her trip. Presumably, an adverse decision would cause Wilson to be more careful of her driving habit in the future, but would not impact the employer.

■ Consequently, we hold that Wilson's actions in driving an automobile are ministerial in nature, not discretionary. Since the immunity available to the state does not extend to cover an employee conducting ministerial functions, this suit is not barred by sovereign immunity.

We, therefore, reverse the decision of the trial court and remand for further proceedings.

WOLLMAN, DUNN and HENDERSON, JJ., concur.

FOSHEIM, C.J., dissents.

FOSHEIM, Chief Justice (dissenting).

*High-Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736 (S.D.1980), and *Sioux Falls Construction Co. v. City of Sioux Falls,* 297 N.W.2d 454 (S.D.1980), are the critical cases involved in the majority opinion.

I do not agree with the majority's interpretation of *High-Grade Oil.* There is language in that case that if the State could be subjected to liability then the State employee is protected by the doctrine of sovereign immunity. However, I believe the holding in *High-Grade Oil* was squarely based on the traditional rule that a governmental employee is protected by the doctrine while

precedent therein for subsequent sovereign immunity decisions.

**3.** In *High-Grade Oil,* 295 N.W.2d 736 (S.D. 1980), we noted that the sovereign immunity rule applied to municipalities differs from the rule applied to the state. While the rule determining whether a municipality is immune distinguishes between governmental and proprietary functions, *Sioux Falls Const. Co. v. City of Sioux Falls,* 297 N.W.2d 454 (S.D.1980), the

rule determining whether the state is immune does not draw this distinction. *High-Grade Oil, supra.* Although the rule of immunity differs between state and municipal entities, the same factors, to-wit, whether the acts are discretionary or ministerial, are considered to determine whether such immunity extends to their respective employees. *Sioux Falls Const. Co., supra; State v. Ruth,* 9 S.D. 84, 68 N.W. 189 (1896).

performing his duties. In *High-Grade Oil* appellants argued that appellee Sommer, the State Highway Engineer, was acting outside the scope of his employment because he violated certain design safety standards when he designed or approved the design of the highway. In response to appellants' argument this court stated, at 737–38:

> We cannot agree. Under Article XIII, § 9 of our state constitution, construction and maintenance of public highways is a function of state government. The legislature by statute has vested the authority for such construction and maintenance in the Board of Transportation. Appellee is an employee of the Department of Transportation, the operational arm of the Board. Any action on his part in the performance of his duties, whether negligently done or otherwise, clearly is constitutional and is not void. In *White Eagle,* supra, the officers were sued in their official capacities, but the claim was that their actions were premised on an unconstitutional statute.
>
> Considering then, as we must, that this is an action against the state, we next review appellants' attack on the doctrine of 'governmental' or 'sovereign immunity,' which terms are interchangeable. (footnote omitted)

*Sioux Falls Construction* is another matter. While it adopts the rationale of *High-Grade Oil* and other decisions of this court which refused to judicially abolish the doctrine of sovereign immunity, it proceeds to adopt a Restatement definition of immunity based on whether an employee is acting with discretion. *Sioux Falls Construction* adopted this test even though it conceded, at 458,

> the possibility of some instances where a city could be immune while exercising a governmental function, yet an officer could be liable; or, in the alternative, a situation where a city could be liable while acting in a proprietary function, yet the officer could be immune.

To uphold governmental immunity as to the governmental unit only, while allowing the officers, agents, and employees to be held liable, would be chaotic. Our adoption of the Restatement's discretion test, in effect, judicially revised the doctrine of sovereign immunity, contrary to this court's consistent position that we would defer to the Legislature. For the reasons stated below, I repudiate my concurrence in the rationale of *Sioux Falls Construction.* The result, however, was correct. *Sioux Falls Construction* concerned a municipal corporation which was denied the benefit of the doctrine of sovereign immunity because it was not engaged in a governmental function, the city employee was likewise denied its benefit.

*Kruger* and *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982), apply the discretionary test adopted in *Sioux Falls Construction* and the state employees in each case are denied the benefit of the doctrine of sovereign immunity. The practical effect of the discretionary test is that it carves out a broad sector of governmental employees (those whose jobs do not require the use of discretion), who formerly were protected by the sovereign immunity doctrine, and singles them out to be personally liable for their negligence. Who are these employees? They are those least able to pay a personal judgment. Only policy-making employees (whose jobs require the use of discretion), and who therefore are the highest paid government employees, will be allowed to invoke the doctrine to shield themselves from personal liability.

Aside from these inequities, the test's great weakness is that it is so vague and multifaceted that the temptation to manipulate it to reach a desired result can be overwhelming. Witness the result in *Leir.* While their negligence was deplorable, can anyone seriously contend that social workers do not exercise discretion? Also, the result in *Kruger*—driving a state car on state time is a ministerial function. Can driving a car be considered "ministerial" as

that word has heretofore been used in the law?

Prior to *Sioux Falls Construction* this court applied a simple, straight-forward test to determine if the doctrine applied—was the employee acting within the scope of his employment when the injury occurred? Aside from its simplicity, this test treats all governmental employees the same, regardless of their position and earnings. The discretionary test will, in my opinion, lead this court into a quagmire and allow personal liability actions against those least able to pay.

I would affirm the summary judgments entered in *Kruger* and *Leir*.