James H. SMITH, Plaintiff and Appellant,

v.

Henry GREEK, Norman Konechne, and Earl Glodt, Defendants and Appellees.

Thomas M. DIFFENBAUGH, V.E. Cates, and Thelma Cates, Defendants, Third Party Plaintiffs and Appellants,

v.

REYNOLDS CONSTRUCTION COMPANY, a Corporation, Third Party Defendant.

Nos. 13747, 13748.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1982.

Decided Dec. 28, 1982.

T.R. Pardy of Mumford, Protsch & Pardy, Howard, for plaintiff and appellant.

Carl W. Quist, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., Robert D. Hofer of Riter, Mayer, Hofer & Riter, Pierre, for defendant and appellee.

David A. Gerdes of May, Adam, Gerdes & Thompson, Pierre, for defendants, third party plaintiffs and appellants.

WOLLMAN, Justice.

This is an appeal from a partial summary judgment entered in behalf of certain of the defendants. We reverse and remand.

Plaintiff's complaint alleges that while in the course of his employment with Reynolds Construction Company on a highway renovation project in Sully County he was injured on August 4, 1978, when he was struck by a grain combine that was being hauled on a trailer pulled by a truck driven by defendant Diffenbaugh and owned by defendants V.E. and Thelma Cates. In addition to his allegations of negligence against these defendants, plaintiff alleged that defendants Greek, Konechne and Glodt, who were at the time, respectively, the district engineer, resident engineer and project engineer, for the South Dakota Department of Transportation, Division of Highways, were negligent in that they did not properly instruct and supervise Reynolds Construction Company regarding proper safety measures and precautions, including the erection and maintenance of adequate warning signs and other danger signals, maintenance of adequate flagmen and other traffic control devices, and restrictions on two-way traffic on the project in question. Plaintiff also alleges negligence regarding the failure of the engineers to insure the proper safety precautions were taken to protect plaintiff and the traveling public, including the alleged failure of these defendants to require Reynolds Construction Company to comply with the safety provisions of the construction contract and with the South Dakota Department of Highways Manual on Uniform Traffic Control Devices for Streets and Highways.

Thereafter, defendants Konechne and Glodt filed a third-party complaint against Reynolds Construction Company, as did defendants Diffenbaugh and Cates. Defendants Greek, Konechne, and Glodt moved for summary judgment on the basis of the doctrine of sovereign immunity. Third party defendant Reynolds Construction Company moved for summary judgment on the ground that its payment of workers' compensation benefits to plaintiff barred any third-party action for contribution. The trial court granted summary judgment in favor of defendants Greek, Konechne and Glodt, and denied summary judgment to Reynolds Construction Company.*

---

* We note that pursuant to SDCL 15–6–54(b) the          trial court made an express determination that

In granting summary judgment to defendants Greek, Konechne, and Glodt, the trial court primarily relied upon our decision in *High Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736 (S.D.1980). *High Grade Oil Co.* does not represent our last word on the subject of sovereign immunity, however, for we recently held that whether immunity extends to a state employee sued in an individual capacity depends on the function performed by that employee—discretionary or ministerial. *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982), and *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982). Accordingly, we reverse the summary judgment and remand the case to the circuit court for further consideration in the light of *Kruger* and *Leir.*

DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs in result.

FOSHEIM, C.J., dissents.

HENDERSON, Justice (concurring in result).

I am reluctant to wholeheartedly join in this opinion as *Leir* is expressly approved. In *Leir,* I chose to disqualify myself. Thus, at this time, I do not wish to approve of a decision wherein I disqualified myself.

Hence, I concur in result only.

FOSHEIM, Chief Justice (dissenting).

Only the Legislature has the power and responsibility to "direct by law in what manner and in what courts suits may be brought against the state." S.D. Const. art. 3, § 27. In *Merrill v. Birhanzel,* 310 N.W.2d 522, 524 (S.D.1981), we said:

> We have consistently held that if there is to be a departure from the immunity rule, the policy must be declared and the extent of liability fixed by the legislature. *Arms v. Minnehaha County,* 69 S.D. 164, 7 N.W.2d 722 (1943). We adhere to this rule although we recognize that it has been subjected to considerable

criticism. *Conway, [v. Humbert,* 82 S.D. 317, 145 N.W.2d 524], *supra; Jerauld County v. Saint Paul-Mercury Indemnity Co.,* 76 S.D. 1, 71 N.W.2d 571 (1955). The majority follows our decisions in *Sioux Falls Const. Co. v. City of Sioux Falls,* 297 N.W.2d 454 (S.D.1980); *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982); *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982), which ignore this long standing adherence to the immunity rule. It little by little adopts the very departure policy which we have steadfastly and correctly proclaimed was constitutionally the exclusive prerogative of the Legislature.

there was no just reason for delay and that the judgment was final for purposes of appellate review, a determination that we concur in.