**Harold REIMAN, Plaintiff and Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary; Richard Rist, Associate Warden, South Dakota State Penitentiary; Unknown Officers of the South Dakota State Penitentiary, All Individually and in Their Official Capacities, Defendants and Appellees.**

No. 13919.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1983.

Decided July 6, 1983.

Rehearing Denied Sept. 7, 1983.

Harold Reiman, pro se.

Richard Dale, Asst. Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal by Harold Reiman (Reiman), a prisoner in the South Dakota State Penitentiary, seeks to reverse the dismissal of his lawsuit wherein he sought recovery for the loss of a typewriter removed from his cell by some person or persons at the present time unknown. We reverse and remand.

Reiman was the owner of an Underwood Model 319 typewriter which he kept in his cell. As the result of a prison riot, Reiman and others were subjected to disciplinary actions. Reiman was first placed in the Adjustment Center and later that day transferred to a hospital. Pursuant to prison rules and procedures, his property in his cell was removed for safekeeping elsewhere. Presumably, an inventory was made at that time. In any event, upon his return to the general prison population, Reiman's belongings were returned *except* for the typewriter. Reiman attempted to ascertain its whereabouts through the regular channels to the extent that he twice filed grievances. His efforts were thwarted and he filed this action in the circuit court of Minnehaha County to recover the machine or its value and compensatory and punitive damages. The complaint alleges negligence in the performance of their duties by Herman Solem, Warden, and Richard Rist, Associate Warden, of the penitentiary and by unknown officers of the penitentiary (Penitentiary Officials). Appearance was made on behalf of the Penitentiary Officials by an assistant attorney general. SDCL 1–11–1, –4. Eventually, Penitentiary Officials' counsel served and filed an answer and motion to dismiss, alleging that Reiman's complaint failed to state a cause of action upon which relief requested could be granted and affirmatively pled failure to answer request for clarification and sovereign immunity as a bar to relief.

The trial court dismissed the complaint with prejudice as against Solem and Rist and dismissed it without prejudice as against the unknown Penitentiary Officials.

Reiman would frame the issues in this appeal in the context of violations of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and art. VI, §§ 1 and 2 of the South Dakota Constitution. We do not see them rising to that proportion.

The first issue that we perceive is whether the trial court erred in dismissing the complaint against Solem and Rist because of the doctrine of sovereign immunity. This court recently discussed sovereign immunity in *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982), and *Kruger v. Wilson,* 325 N.W.2d 851 (S.D. 1982). There, this court stated the "three step test" as to immunity: (1) whether the State was the real party in interest; (2) whether the employee was sued in an official or personal capacity; and (3) whether the employee was exercising a discretionary or ministerial function.

Applying these rules to the suit against the warden and associate warden, we find that under the first step, since a judgment for Reiman would not subject the State to liability, the State is not the real party in interest here. *See High-Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736 (S.D.1980). However, under the second step, reviewing "whether the employee was sued in an official or personal capacity," Reiman's complaint does not allege personal negligence on the part of the warden or associate warden. *See Kruger v. Wilson, supra;*

*Arndt v. Hannum Trucking,* 324 N.W.2d 680 (S.D.1982); *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D.1981). Rather, these employees are sued due to their employment positions. If anyone else were employed in these positions, they would have been sued rather than Solem and Rist. Since they are sued in their official capacities, Solem and Rist are immune from suit.[1] However, for the reasons we will hereinafter discuss, we hold that the trial court was premature in entering an order of dismissal.

The trial court dismissed the complaint, stating Reiman has failed to name those who allegedly took his typewriter, therefore, "[he] cannot maintain his action against the named defendants." In examining the propriety of this dismissal, we note that Penitentiary Officials, appearing through an assistant attorney general as previously noted, first moved the court to require Reiman to make his complaint more definite and certain in these regards: (1) name the individuals who took the typewriter; (2) state the date the property was taken; and (3) state pursuant to what rule, regulation or practice of the penitentiary was the property taken.[2] Pursuant to this motion, the trial court entered its order requiring a more definite statement within ten days after service of the order. Thereafter, Reiman made timely service of an "answer for a more definite statement" in which he responded that he did not know the answers to (1) and (2) because he was not there but that the prison records, specif-

---

1. Having determined under the second prong of the test that Solem and Rist are immune from suit, we do not reach the third prong addressing discretionary or ministerial function.

2. Penitentiary Officials' motion for more definite statement requests from Reiman the following:

   [T]o furnish a more definite statement of his claim involving the alleged loss of a typewriter in the following respects and particulars: In his designation of parties and in paragraph IV of Plaintiff's Complaint, Plaintiff fails to specify those individuals who allegedly took his personal property, nor does he specify on what date the property was allegedly taken and pursuant to what rule, regulation or practice of the South Dakota State Penitentiary said property was alleged to have been removed from his cell. In order for the

   named Defendants to ascertain which, if any, of the officers at the South Dakota State Penitentiary have knowledge of the alleged taking of Plaintiff's property, it is necessary that Plaintiff name those officers whom he believes were involved in the alleged loss of his typewriter, the date on which such property was allegedly taken, and pursuant to what rule, regulation, or practice of the South Dakota State Penitentiary said property was alleged to have been removed from his cell.

   This Motion is made upon the ground that the Plaintiff's Complaint is so vague or ambiguous that the named Defendants cannot reasonably be required to frame a response thereto and is based on the papers and pleadings of this action.

ically the inventory list signed by the officer who took the inventory, would show those items. As for inquiry (3), Reiman responded that the Penitentiary Officials were well aware of their own rules and regulations.

At the same time that Reiman responded, he served a motion and proposed order for production of documents, specifically requesting his penitentiary property card, the inventory card prepared when the property was removed from his cell, and any written rules, regulations or practices used to remove a prisoner's property when he was removed from the general prison population. The inventory card, at least, appears to be particularly necessary for Reiman to identify the unknown officers responsible for removing his property. The trial court failed to make any ruling on this motion but subsequently granted Penitentiary Officials' motion for dismissal. The record is silent as to why the trial court did not act on Reiman's motion. The settled record shows that the motion was not filed until July 13, 1982, the date on which the order for dismissal was entered and filed. The motion for production of documents, however, had been served on the assistant attorney general well in advance of his answer and motion to dismiss. He filed no resistance to the motion but rather answered, as indicated, with the motion for dismissal. The trial court may have believed that there was no other procedural matter remaining than to rule on the Penitentiary Officials' motion. Penitentiary Officials cannot take advantage of this apparent misbelief. The production of the documents, particularly items (1) and (2), appear to be crucial to Reiman's case. Why they had not been made available to him in the internal procedures at the prison we cannot understand, but that is beyond any issue before us. We can, however, assure him of a fair chance for his day in court in the judicial system.

Accordingly, at this time we set aside the order of dismissal against all parties named herein and remand to the trial court with instructions. We instruct the trial court to first require the authorities to produce the documents requested in Reiman's motion, give Reiman opportunity to properly amend his pleadings to name any officers whose name comes to his knowledge, and then to reconsider the motion for dismissal.

We reverse and remand.

WOLLMAN, DUNN and HENDERSON, JJ., concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in the result).

While I concur with the result reached by the majority, I question use of the so-called "three step test" of sovereign immunity. This test effectively departs from our settled sovereign immunity position confirmed in *High-Grade Oil Company, Inc. v. Sommer*, 295 N.W.2d 736 (S.D.1980), and *Merrill v. Birhanzel*, 310 N.W.2d 522 (S.D.1981), and results in judicial erosion of sovereign immunity. Traditionally, when a state employee acted within the scope of his or her employment no tort liability attached. If, however, it was established that a state employee acted wrongfully outside the scope of his or her employment, then that person became responsible for any act of personal negligence. This was clearly the rule before *National Bank of S.D. v. Leir*, 325 N.W.2d 845 (S.D.1982), and *Kruger v. Wilson*, 325 N.W.2d 851 (S.D.1982). *See* Comment, *Sovereign Immunity and the South Dakota Plaintiff: A Practical Approach*, 26 S.D.L.Rev. 300, 304 (1981).

Perhaps the time has come to diminish or abolish sovereign immunity. Such action, however, is constitutionally the exclusive province of the legislature. S.D. Const. art. III, § 27. Erosion of sovereign immunity by judicial fiat is disruptive and causes confusion. *See* Comment, *An Analysis of South Dakota's Sovereign Immunity Law: Government v. Official Immunity*. 28 S.D. L.Rev. ____ (1983).